IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

KRYSTAL TEASLEY,                      *

    Plaintiff,                    *

vs.                                   *      CASE NO. 3:20-cv-00134 (CDL)

WAL-MART STORES, INC.                 *
and WAL-MART STORES EAST, LP,
                                      *
    Defendants.
_____    *

O R D E R

Plaintiff tripped in a pothole in the parking lot of Defendants' store and asserts a negligence claim under Georgia law. Defendants move for summary judgment, contending that Plaintiff failed to exercise ordinary care for her own safety. For the following reasons, Defendants' motion (ECF No. 29) is denied.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In determining whether a genuine issue of material fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in

the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is material if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is genuine if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

FACTUAL BACKGROUND

Viewed in the light most favorable to Plaintiff, the record reveals the following facts.  On January 7, 2019, Plaintiff visited Defendants' store in Hartwell, Georgia.  When she arrived at the store's parking lot, Plaintiff parked her truck next to a landscaped "island."  Teasley Dep. at 117:25–118:6, ECF No. 31; Def.'s Mot. Summ. J. Ex. 1, Video 6:43:48–54, ECF No. 32 ("Video").  To one side of the island was an empty parking space which contained a hole, and on the other side of the empty parking space was a corral into which shoppers return their buggies.  Teasley Dep. 136:23–137:8; *see generally* Video; Teasley Dep. Ex. 4, Photographs, ECF No. 31 at 158-62("Photos").

After she finished shopping, Plaintiff returned to the parking lot and unloaded groceries into her truck.  Teasley Dep. 100:9-16, 117:1-3.  Plaintiff then returned her buggy, maneuvering it around the landscaped island to properly position it for entry into the corral.  *Id.* at 131:5-7, 137:15-19.  This maneuver required Plaintiff to enter the "driving lane," an area of the parking lot where customers drive their cars.  *Id.* at 124:3-6,

137:12-13*;* Video 7:42:45-59.  By taking an arched path which placed her in the driving lane, Plaintiff testified that she went around the empty parking space with the hole on her way to the corral. Teasley Dep. 124:13-125:11.  When asked if she walked *by* the hole on the way to the corral, Plaintiff testified that she "assume[d]" she did.  *Id.* at 117:10-14.  Plaintiff did not enter the empty parking space containing the hole while returning her cart.  Video 7:42:45-58.  After she put her cart in the corral, Plaintiff was walking back to her truck by taking a path that cut straight into the empty parking space when she tripped in the hole and fell. Video 7:42:55-7:43:05.

It was dark outside when Plaintiff fell at approximately 7:43 PM.  Video 7:43:00; *see generally* Photos.  The empty parking space with the hole was not directly under a light, but Plaintiff acknowledged that there was "normal" lighting in the parking lot. Teasley Dep. at 115:2-12; *see generally* Video.  Plaintiff further testified that nothing prevented her from seeing the hole before she fell and that she was "aware of everything around [her]," but Plaintiff maintained that she did not see the hole until after she had fallen.  Teasley Dep. 116:13-23, 134:2-4, 139:18-20.  Plaintiff testified that, as she walked to the corral, she was looking at the corral itself, and on the way back to her truck, she was looking for "creeps or weirdos" in the parking lot, for oncoming cars, and at the truck itself.  *Id.* at 116:15-22.

3

Immediately after her fall, Plaintiff returned to the store and reported the incident to a store manager, after which two store employees walked to the parking lot and inspected the hole. *Id.* at 81:18-20; Video 7:43:00-8:06:00. Plaintiff did not point to evidence that Defendants had actual knowledge of the hole before Plaintiff's fall.

An official Wal-Mart document defining operational standards in effect at the time of Plaintiff's fall required each member of Defendants' store management team to drive around the store building when arriving for work. Wal-Mart Dep. 42:10-43:3, 46:3-7, ECF No. 38. The same document also provided the following: "Parking lot repairs should be entered in as needed, i.e., potholes." *Id.* at 46:18-24. Defendant's 30(b)(6) representative testified that managers were expected to report potholes in the parking lot discovered during their drives, but that Defendant had no documentation indicating that a manager performed the daily drive on January 7, 2019. *Id.* at 46:18-47:3, 50:23-51:2. Further, the representative was unaware of any documentation which showed that *any* inspection of the parking lot had ever taken place. *Id.* at 33:12-22.

## DISCUSSION

Under Georgia law, "[a]n owner or occupier of land has a legal duty, enforceable by lawsuit, to exercise ordinary care to keep and maintain its premises and the approaches in a condition that

does not pose an unreasonable risk of foreseeable harm to the invited public."[1] *Henderson v. St. Paul Baptist Church*, 761 S.E.2d 533, 536 (Ga. Ct. App. 2014) (quoting *Am. Multi-Cinema v. Brown*, 679 S.E.2d 25, 26 (Ga. 2009)). "In order to recover in a 'trip and fall' or 'slip and fall' claim, '[t]he plaintiff must plead and prove that: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control.'" *Id.* (alteration in original) (quoting *Brown*, 679 S.E.2d at 28).

## I.   Did Defendants Have Knowledge of the Hole?

Plaintiff did not point to evidence that Defendants had actual knowledge of the hole. The question then becomes whether Defendants had constructive knowledge of the hole. "Constructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure. To prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such a program was actually carried out at the

---

[1] The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, based on diversity of citizenship between the parties. Therefore, the Court will apply the substantive law of Georgia in deciding Defendants' summary judgment motion. *Trailer Bridge, Inc. v. Ill. Nat'l Ins. Co.*, 657 F.3d 1135, 1141 (11th Cir. 2011) (per curiam) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

time of the incident." *Wallace v. Wal-Mart Stores, Inc.*, 612 S.E.2d 528, 531 (Ga. Ct. App. 2005) (quoting *Matthews v. The Varsity, Inc.*, 546 S.E.2d 878, 880-81 (Ga. Ct. App. 2001)). "Whether an inspection procedure is reasonable as a matter of law varies case-to-case, depending on the nature of the business, the size of the store, the number of customers, 'the nature of the dangerous condition, and the store's location.'" *Food Lion, LLC. v. Walker*, 660 S.E.2d 426, 429 (Ga. Ct. App. 2008) (quoting *Shepard v. Winn Dixie Stores*, 527 S.E.2d 36, 39 (Ga. Ct. App. 1999)).

Here, Plaintiff pointed to evidence that Defendants did not follow a reasonable inspection program at the time of her fall. Though an official Wal-Mart document instructs managers to inspect the parking lot for potholes and report them, Plaintiff presented evidence that no inspection was done, and no potholes were reported on the day of Plaintiff's fall. A reasonable jury could find Defendants' inspection procedures inadequate and therefore conclude that Defendants had constructive knowledge of the hole.

## II. Did Plaintiff Lack Knowledge of the Hole Despite Ordinary Care?

The second prong of Georgia's trip-and-fall test requires the Court to examine "whether, taking into account all the circumstances existing at the time and place of the fall, the invitee exercised the prudence the ordinarily careful person would use in a like situation." *Robinson v. Kroger Co.*, 493 S.E.2d 403,

414 (Ga. 1997).  Defendants argue that Plaintiff failed to exercise ordinary care because she previously traversed the hole when she returned her buggy, the hole was an open and obvious static condition, and she had superior knowledge of it.

"Under the 'prior traversal' rule, a plaintiff who has successfully traversed a readily discernable static condition is deemed to have imputed knowledge of the condition." *Jones v. Wal-Mart Stores E. LP*, 800 Fed. App'x 681, 683 (11th Cir. 2020) (per curiam) (citing *Newell v. Great Atl. & Pac. Tea Co.*, 476 S.E.2d 631, 633 (Ga. Ct. App. 1996)).  To apply this rule, "(1) the condition must have been static; (2) it must have been 'readily discernible'; and (3) the plaintiff must have 'successfully traversed' it prior to her fall." *Id.* (citing *Newell*, 476 S.E.2d at 633).  "A static condition is one that does not change and is dangerous only if someone fails to see it and walks into it." *Rentz v. Prince of Albany, Inc.*, 797 S.E.2d 254, 257 (Ga. Ct. App. 2017) (quoting *LeCroy v. Bragg*, 739 S.E.2d 1, 3 (Ga. Ct. App. 2013)).  Finally, "[i]f nothing obstructs the invitee's ability to see the static condition, the proprietor may safely assume that the invitee will see it and will realize any associated risks." *Id.* (quoting *LeCroy*, 739 S.E.2d at 3).

Neither party disputes that the hole was a static condition, but the evidence viewed in the light most favorable to Plaintiff suggests that the hole was not "readily discernible" to Plaintiff.

Indeed, the parties' disagreement over the location of lighting in the parking lot may alone constitute a genuine factual dispute regarding the visibility of the hole.  Further, a reasonable jury could find that Plaintiff, in arching her buggy around the empty parking space, did not "successfully traverse" the hole prior to her fall.  Defendants failed to establish as a matter of law that Plaintiff failed to exercise ordinary care for her own safety and that any such failure caused her injuries.  Thus, Defendants' contributory negligence defense cannot support summary judgment in this case.

CONCLUSION

Finding that genuine factual disputes exist for trial, the Court denies Defendants' motion for summary judgment (ECF No. 29). Defendants' motion for a hearing (ECF No. 34) is moot.

IT IS SO ORDERED, this 7th day of July, 2022.

S/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA